ESTATE OF HENRY G. EGAN, TRANSFEREE, NORTHWESTERN NATIONAL BANK, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63702. Filed August 15, 1957.

*William R. Busch, Esq.*, for the petitioner.
*Thomas A. Steele, Jr., Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner mailed a notice to the petitioner that he had determined a deficiency of $88,286.78 in income tax and interest for 1948 against Egan, Inc., and that the deficiency, plus interest, "will be assessed against you * * * constituting your liability as transferees of assets of said Egan, Inc." The petitioner filed the present petition, the Commissioner filed an answer, and the petitioner filed a reply. The matter is now before the Court on the Commissioner's motion for judgment on the pleadings. The parties were heard on that motion and have filed briefs in support of their positions. The petitioner does not deny its liability as a transferee for any deficiency and interest due from its transferor, Egan, Inc., but contends that there is no deficiency in taxes due from Egan, Inc.

The 1948 income tax liability of Egan, Inc., was litigated before the Tax Court by that corporation, and a Memorandum Opinion deciding

that case was filed on May 9, 1955. See Docket No. 46555 (T. C. Memo. 1955–117). That decision was appealed by Egan, Inc., and was affirmed by the Court of Appeals for the Eighth Circuit on July 16, 1956. 236 F. 2d 343. The Tax Court made extensive findings of fact in that case and held that the corporation was availed of in 1948 for the purpose of preventing the imposition of a surtax upon its sole shareholder by permitting its earnings and profits to accumulate during that year beyond the reasonable needs of its business. It concluded that the taxpayer had no reasonable need for its accumulations since its business had ended with the loss of its franchise and its only prospects were the winding up of its automobile business. The Commissioner argues that that case is decisive here because of the res judicata rule.

The petitioner argues that res judicata does not apply because of a change in the law represented by the enactment of section 534, I. R. C. 1954, relating to the burden of proof in cases involving accumulations beyond the reasonable need of the taxpayer's business. The notice of deficiency on which that prior case was based was mailed to Egan, Inc., on November 6, 1952, and that case was tried in November 1954. Section 534 had no application in that case under the express provision of its subsection (e). See amendments thereto, Act of August 11, 1955, ch. 805, secs. 4 and 5, 84th Cong., 1st Sess., 69 Stat. 689. The notice of transferee liability in the present case was mailed to the present petitioner on May 15, 1956, and the petitioner argues that it is entitled to the benefits of section 534 whereas the transferor, Egan, Inc., was not, and that this change in the law makes res judicata inapplicable.

A transferee stockholder and a transferor corporation, under the present circumstances, are parties in privity and both the present transferee and the Commissioner are precluded from relitigating the issue decided in the case of the taxpayer, Egan, Inc., *Jahncke Service, Inc.*, 20 B. T. A. 837, appeal dismissed (C. A. 5) 112 F. 2d 169; *Nora M. Carney, et al.*, 22 B. T. A. 721. That rule is supported by the rule of privity of parties under the doctrine of res judicata and by the fact that the corporation, in litigating the deficiency under the circumstances here present, was acting not only for itself but also for the stockholder. The petitioner's contention that section 534, I. R. C. 1954, constitutes a change in the law which avoids the application of res judicata is without merit since a change in the law or a change in the legal climate after the final judgment in the case of the taxpayer does not avoid the effect of res judicata. *Commissioner* v. *Sunnen*, 333 U. S. 591. Incidentally, it is not clear that section 534 represents a change in the law or a change in legal climate which would avoid even collateral estoppel. Cf. *Pelton Steel Casting Co.*, 28 T. C. 153; *Fairmont Aluminum Co.*, 22 T. C. 1377, 1383, affd. 222 F. 2d 622.

*Decision will be entered for the respondent.*