WALTER WILSON FLORA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2245–63.    Filed January 20, 1967.

---

Walter Wilson Flora, pro se.
*Arthur B. Bleecher*, for the respondent.

DRENNEN, *Judge:* Respondent determined deficiencies in petitioner's income tax for the year 1959, and additions to tax under section 6653 (a), I.R.C. 1954, in the amounts of $72,968.17 and $3,648.41, respectively. In his notice of deficiency issued to petitioner, dated March 11, 1963, respondent determined that petitioner was not entitled to a deduction in the amount of $124,503.25 claimed on his return for 1959 as a net operating loss deduction because petitioner had "failed to establish that any deduction is allowable." This was the only adjustment in petitioner's taxable income made by respondent, except for the allowance of the standard deduction and a personal exemption for petitioner. On his return for 1959 petitioner apparently reported profit from business in the amount of $107,446.26 and claimed the net operating loss mentioned above as a deduction, resulting in adjusted gross loss reported on the return in the amount of $17,056.99.

Petitioner filed a petition for redetermination of the above deficiency in this Court on June 3, 1963. The only error alleged in that petition was respondent's disallowance of "taxpayer's remaining carry-forward operating loss for 1954, and carry-forward loss for 1956." The principal thrust of the facts alleged in support of the alleged error was that as of the date of this notice of deficiency the statute of limitations barred respondent's right to review and disallow the operating losses claimed by petitioner for 1954 and 1956.

In his answer filed in this proceeding respondent alleged that he had disallowed what was claimed on petitioner's 1959 income tax return as a carry-forward operating loss in the amount of $124,503.25, and denied most of the remaining allegations of the petition. Further answering the petition, respondent alleged that the statute of limitations did not bar assessment or collection of the deficiency determined against petitioner for the year 1959, and alleged as facts in support thereof that petitioner's return for 1959 was timely filed on or before April 15, 1960, and the notice of deficiency for that year was mailed to petitioner on March 11, 1963.

This case, docket No. 2245–63, was duly set for trial at Denver, Colo., on October 19, 1964. On September 21, 1964, petitioner filed a motion for continuance, which was endorsed "No Objection" by counsel for respondent, which stated as grounds for the motion that petitioner's case for an earlier year (1958), docket No. 2511–62, "involving the identical issue herein," had been heard by Judge Hoyt of this Court

but was not yet decided, and that "It is believed that the disposition of the aforementioned litigation may ultimately permit the disposition of the instant proceeding without the necessity of trial by this Court." Petitioner's motion was granted and this case was continued generally.

The case involving petitioner's tax liability for the year 1958, docket No. 2511-62, was decided by Judge Hoyt of this Court on March 25, 1965. In his opinion in that proceeding (*Walter Wilson Flora*, T.C. Memo. 1965-64) Judge Hoyt concluded that petitioner's alleged losses for 1954 and 1956 could not be allowed as a net operating loss deduction for the taxable year 1958 because petitioner had failed to prove that he incurred operating losses in 1954 and 1956, had failed to prove the amount of any operating losses incurred in 1954, and had failed to prove that any such purported operating losses for the years 1954 and 1956 had not been absorbed as operating loss carrybacks or carryforwards in years prior to 1958.

This case, docket No. 2245-63, was thereupon again set for trial in Denver, Colo., on November 15, 1965.

When this case was called for trial on November 15, 1965, respondent, pursuant to leave granted by the Court, filed an amendment to his answer in which he referred to the above proceedings in docket No. 2511-62 and the decision thereon entered by the Court on March 26, 1965, alleged that the period for filing an appeal from such decision had expired with no appeal being taken, alleged that in that case the same parties presented a factual situation identical to that involved in this case, and averred that "petitioner is barred from relitigating the issue presented in the instant case under the doctrine of collateral estoppel." On the same day, November 15, 1965, petitioner filed a "Reply In Opposition To Respondent's Motion" in which petitioner, in effect, argues that because he was not allowed access to alleged Federal Bureau of Investigation and/or Internal Revenue Service files he was unable to prove his right to the operating loss deduction in the proceeding involving his 1958 tax liability and should be given the opportunity to do so in this proceeding. Petitioner also made reference to the fact that in the prior proceeding the Court found that he was a cash basis, rather than an accrual basis, taxpayer and that the income reported on his 1959 return was not taxable income to him in 1959 if he was a cash basis taxpayer.

At a pretrial conference on this case held on November 15, 1965, it developed that petitioner wanted to file an amendment to his petition to raise the issue of whether he was required to report his income on the cash or accrual basis in 1959. Leave was granted to petitioner to file an amendment to his petition, and on November 16, 1965, petitioner filed an amendment to his petition alleging that he "is not liable for any tax as the income on his income tax return was not received by this taxpayer."

The Court was of the opinion that respondent's plea of collateral estoppel should be ruled upon before any evidence was taken on the merits of the issues involved. Both parties requested time to file briefs on the collateral estoppel issue so the Court took that issue under advisement and continued the case generally until the collateral estoppel issue can be disposed of. It is only to respondent's plea of collateral estoppel that this opinion is directed.

---

The purpose of the doctrine of collateral estoppel is to prevent redundant litigation. *Southern Pacific Railr'd* v. *United States*, 168 U.S. 1; *Tait* v. *Western Md. Ry. Co.*, 289 U.S. 620. The doctrine of collateral estoppel is applicable in the Federal income tax field. *Tait* v. *Western Md. Ry. Co.*, *supra; Commissioner* v. *Sunnen*, 333 U.S. 591. The doctrine of res judicata applies to repetitious suits involving the same cause of action and when a court of competent jurisdiction has entered a final judgment on the merits of the cause of action, the parties are thereafter bound thereby not only as to the matters that were litigated and determined but also as to all matters that might have been litigated and determined in that proceeding. But where the second action between the parties is upon a different cause of action the judgment in the prior action acts as an estoppel, not as to matters which might have been litigated and determined, but only as to those matters which were actually in issue and determined. This doctrine is referred to as estoppel by judgment or collateral estoppel. *Commissioner* v. *Sunnen*, *supra*. Inasmuch as each tax year must stand on its own for Federal income tax purposes, questions involving the same taxpayer's tax liability for different taxable years are considered to give rise to separate causes of action, even though the issues involved might be the same. Consequently, the more limited doctrine of collateral estoppel is more frequently applied in income tax litigation than is the doctrine of res judicata.

For the doctrine of collateral estoppel to apply in tax litigation involving different taxable years, the taxpayer must be the same or in privity with the taxpayer involved in the prior proceeding, see *Estate of Henry G. Egan*, 28 T.C. 998, affd. 260 F. 2d 779, the matter raised in the second case must be identical with the matter decided in the first proceeding, the controlling facts must be the same, and there must have been no change in the applicable legal principles or atmosphere. Where such a situation exists, and a question of fact essential to the judgment in the prior proceeding was actually litigated and determined in the prior proceeding, the parties are bound by that determination in a subsequent proceeding even though the tax year of the taxpayer is different and hence the cause of action is different; also

the prior judgment will be conclusive as to the same legal issues involved in the two cases, assuming there is no intervening doctrinal change. *Commissioner* v. *Sunnen, supra.*

The situation now being considered seems admirably suited for application of the doctrine of collateral estoppel to the issue of the operating loss deduction. The question in this case is whether petitioner is entitled to include in the computation of his operating losses deductible for 1959 a carryover of any unused portion of operating losses he allegedly incurred in 1954 and 1956. Exactly the same question was involved in the prior proceeding in this Court involving petitioner's tax liability for 1958, *Walter Wilson Flora*, T.C. Memo. 1965–64, except that we might have the additional question here of how much of the alleged loss carryover was absorbed in 1958. The question must be determined for both years from the identical facts, and all the facts giving rise to the alleged operating loss carryover to both tax years occurred before the prior litigation and have not changed. There has been no material change in the applicable law, regulations, or legal climate in this area of taxation. The parties are identical. We held in the prior litigation, upon examination of a rather extensive record, that petitioner had failed to meet his burden of proving either that he incurred operating losses in the years 1954 and 1956, or the amounts thereof, if any, or how much thereof, if any, had been absorbed by being applied to prior years' income as required by law to determine the amount available as a carryover to the year 1958. We therefore concluded that petitioner was not entitled to an operating loss carryover into 1958 nor to a net operating loss deduction for that year.

Petitioner must necessarily rely on the same facts and the same legal principles to be entitled to an operating loss carryover and an operating loss deduction for 1959. To permit petitioner to relitigate this issue in this proceeding would be to permit the very thing the doctrines of res judicata and collateral estoppel were formulated to avoid, i.e., repetitious and redundant litigation of the same issue between the same parties where there has been no change in the controlling facts and law. For somewhat similar cases in which collateral estoppel has been applied, see *Cooper* v. *United States*, 238 F. 2d 40; *Hercules Powder Company* v. *United States*, 337 F. 2d 643 (Ct. Cl. 1964).

We conclude that respondent's plea of collateral estoppel is good and bars relitigation of the operating loss issue in this proceeding. Petitioner's suggestion that he did not present his best case in the prior proceeding because there was not much tax involved in 1958 is not only irrelevant but somewhat incredible in view of his requests for continuances of this proceeding because be believed the decision

of this Court in his 1958 case would probably be decisive of the issue involved here. Compare *Tait* v. *Western Md. Ry. Co.*, *supra*.

This case will be returned to the trial calendar for such further proceedings as might be warranted by the pleadings and the conclusion reached herein.