**W. W. WINDLE COMPANY,**
Petitioner, Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.**

No. 76–1249.

United States Court of Appeals,
First Circuit.

Argued Sept. 14, 1976.
Decided Jan. 21, 1977.

Raymond T. Mahon, Worcester, Mass., with whom Bowditch & Lane, Worcester, Mass., was on brief, for appellant.

Ernest J. Brown, Atty., Tax Div., Dept. of Justice, Washington, D.C., with whom Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews and Stephen M. Gelber, Attys., Tax Div., Dept. of Justice, Washington, D.C., were on brief, for appellee.

Before COFFIN, Chief Judge, CLARK, Associate Justice,* and CAMPBELL, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

W. W. Windle Co. (Windle) appeals from a March 6, 1976 decision of the Tax Court that there was "no deficiency in income tax due from, or overpayment due to, the petitioner [Windle] for the taxable year ended June 30, 1970." Windle's quarrel is not with the decision, which was favorable to it. Rather Windle seeks review of one finding made by the Tax Court in reaching its decision to the effect that some worthless stock represented a capital loss—a finding which, though unfavorable, was more than balanced out for the tax year in question by favorable findings as to other items resulting in a net determination of no deficiency. We are asked, in essence, to make an exception to the rule that "[a] party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree", *Elec-*

* Of the U.S. Supreme Court, retired, sitting by designation.

*trical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 242, 59 S.Ct. 860, 860, 83 L.Ed. 1263 (1939). We decline to do so and dismiss the appeal.

The facts are fully set out in the Tax Court's findings and opinion, 65 T.C. 694 (1976), and we recount them only briefly here. Windle, a Massachusetts corporation since 1912, processes and sells woolen stock and other woolen materials. In an effort to overcome severe economic problems common during the 1950's throughout the woolen textile industry, Windle, in 1961 organized an Oregon corporation, Nor-West Fabrics, Inc. (Nor-West) to operate a woolen textile mill which was to provide a captive customer for Windle's products. Windle acquired more than fifty percent of the stock in the company at par value. The Nor-West venture did not succeed, and the corporation was dissolved on December 28, 1970.

During the years Nor-West was in operation, Windle loaned the company money, and at the time of liquidation, $320,000 in loans had not been repaid. $127,514 received in the sale of Nor-West's assets was applied to the loan leaving an unpaid balance of $192,486. In addition, $124,514.60 in accounts receivable for raw material was owed Windle by Nor-West. Neither Windle nor the other stockholders of Nor-West received anything for their stock upon liquidation of the company.

Windle, on its tax return of the taxable year ended June 30, 1970, claimed ordinary loss deductions for both the unpaid debts and the worthless shares of stock and these losses were offset against its taxable income for that year. On audit, the Commissioner determined that the loans made to Nor-West, as well as the accounts receivable owed by Nor-West, were an equity investment by Windle and subject to the capital loss limitations of 26 U.S.C. § 1211. The Commissioner also determined that the loss on the worthless stock was a capital rather than an ordinary loss.

Petitioner appealed to the Tax Court pursuant to 26 U.S.C. § 6213. The Tax Court reversed the Commissioner's determination on the bad debt issue but upheld him as to the worthless stock. Since the $317,000.60 bad debt was greater than the $284,264.76 taxable income the Commissioner had determined, the Tax Court entered its decision that there was no deficiency in the taxpayer's income tax for its taxable year ended June 30, 1970. The Tax Court's finding that the worthless stock represented a capital loss thus became irrelevant to the taxpayer's 1970 liability. The Commissioner took no appeal from the Tax Court's decision.

Windle's argument on appeal is directed to the Tax Court's finding that the worthless stock represented a capital loss. The taxpayer contends that because the Tax Court found that the company's predominant motive in acquiring the stock was related to business and not to investment, the worthless stock should have been considered an ordinary business loss. A substantial body of case law outside this circuit, said to have been evolved by lower courts from *Corn Products Refining Co. v. Commissioner,* 350 U.S. 46, 76 S.Ct. 20, 100 L.Ed. 29 (1955), is cited in support of this contention, *e. g., Schlumberger Technology Corp. v. United States,* 443 F.2d 1115, 1119–21 (5th Cir. 1971); *Steadman v. Commissioner,* 424 F.2d 1, 5–6 (6th Cir.), *cert. denied,* 400 U.S. 869, 91 S.Ct. 103, 27 L.Ed.2d 109 (1970); *Union Pacific R.R. v. United States,* 524 F.2d 1343, 1358–59 (Ct.Cl.1975), *cert. denied,* 429 U.S. 827, 97 S.Ct. 83, 50 L.Ed.2d 89 (1976); *Waterman, Largen & Co. v. United States,* 189 Ct.Cl. 364, 419 F.2d 845, 847 (1969), *cert. denied,* 400 U.S. 869, 91 S.Ct. 103, 27 L.Ed.2d 109 (1970); *Booth Newspapers, Inc. v. United States,* 303 F.2d 916, 920–21, 157 Ct.Cl. 886 (1962).

The Commissioner does not dispute the existence of a sizable body of precedent in other circuits for a "predominant motive test", and seems to concede that were that yardstick to be applied here, the Tax Court's resolution of the worthless stock issue would indeed be open to question. But the Commissioner urges this circuit to reject any motive test at all. He argues

that Congress defined the term "capital asset" as "property held by the taxpayer (whether or not connected with his trade or business)," 26 U.S.C. § 1221, and enumerated in the statute only five specific exclusions. The Nor-West stock, the Commissioner points out, falls under the statutory definition of a "capital asset" and does not come within any express exemption. As the statute is plain on its face, the Commissioner argues that a taxpayer's motive in acquiring stock is immaterial under the Code, and that the line of cases holding otherwise is simply wrong.

■ While the substantive question thus raised is interesting, we do not reach it on this record because we feel compelled to rule against Windle on the threshold question of whether a taxpayer may appeal from a favorable redetermination of its tax liability in order to gain review of the Tax Court's treatment of an issue that proved unnecessary to the final decision.

Our appellate jurisdiction in this instance is conferred by 26 U.S.C. § 7482(a) which grants exclusive jurisdiction to courts of appeals to review "the *decisions* of the Tax Court" [emphasis supplied], a decision of the Tax Court being the formal determination of the existence or nonexistence of a deficiency.[1] *Commissioner v. Smith Paper, Inc.,* 222 F.2d 126, 129 (1st Cir. 1955) (Magruder, C. J.). There is no grant of jurisdiction to review the findings and rulings of the Tax Court apart from their effect upon the decision. A decision is rendered "upon the date that an order specifying the amount of the deficiency is entered in the records of the Tax Court", 26 U.S.C. § 7459(c), and is reviewable only if there is a controversy between the taxpayer and the Government about the amount of taxes due. 9 J. Mertens, Law of Federal Income Taxation § 51.13 (1974) (hereinafter Mertens). *See De Amodio v. Commissioner,* 299 F.2d 623, 625 (3d Cir. 1962). The tax liability in controversy before the Tax Court below was for the tax year ended June 30, 1970 and was properly before that court on a petition for redetermination of the Commissioner's determination of a deficiency for that year only. *See* 26 U.S.C. §§ 6214(b), 6213; 9 Mertens, *supra* at § 50.15. No other year's taxes were in issue. Therefore, when the decision was entered and it was favorable to the taxpayer the controversy about the amount of taxes due ended.[2] Any conclusion we might now reach on the merits of Windle's claim would be at most a kind of declaratory judgment affording guidance for other years, a type of remedy

1. Windle urges that we give the term "decisions" in the statute a broader reading, relying for support on a sixth circuit case, *Louisville Builders Supply Co. v. Commissioner,* 294 F.2d 333, 336–37 (6th Cir. 1961), in which a discovery order of the Tax Court was reviewed and reversed as a final decision of the Tax Court even though no deficiency had yet been determined by the Commissioner and no petition had been filed by the taxpayer. The sixth circuit subsequently stated that only in "certain unusual circumstances" are "some orders of the Tax Court" reviewable by the courts of appeals. *Licavoli v. Commissioner,* 318 F.2d 281, 282 (6th Cir. 1963). The court in that decision adopted the interpretation of "decision" that we follow here citing to *Commissioner v. Smith Papers, Inc.,* 222 F.2d 126 (1st Cir. 1955) and other cases.

2. The petitioner's claim that the Commissioner's decision not to appeal the Tax Court's determination created Windle's difficulty in obtaining review of the stock loss issue is incorrect. Although it is true that all issues litigated below could have been reviewed had the Commissioner appealed, the taxpayer's inability to obtain appellate review of the stock loss issue is the result of the Tax Court's favorable decision. A rule that a losing party must file an appeal to afford a successful party an opportunity to argue the law or findings on an issue immaterial to the judgment below simply makes no sense. *Cf. Electrical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939). We also find totally unpersuasive the argument that the Commissioner's decision not to appeal constituted an *ex parte* concession of no deficiency that should not be permitted to defeat jurisdiction. Windle's reliance on *Daniel E. Hannan,* 52 T.C. 787 (1969) is misplaced. There the Tax Court refused to give up its jurisdiction when the Commissioner tried to argue that a notice of deficiency did not in fact establish a deficiency. That is very different from the present set of facts where this court could have gained jurisdiction in the first instance only if the Commissioner chose to appeal.

nowhere sanctioned with respect to Federal taxes, see 28 U.S.C. § 2201.

■ Windle argues that it will be bound in litigation for other tax years by the adverse finding of the Tax Court in this case or, alternatively, that relitigating the Corn Products issue in the Tax Court would be an undue burden. The short answer is that neither of these concerns can provide appellate jurisdiction where we have none. Happily, however, while it is true that the doctrine of collateral estoppel applies in tax cases, Walter Wilson Flora, 47 T.C. 410, 413 (1967) citing Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), the doctrine may be invoked only as to questions of law and fact essential to a judgment. Walter Wilson Flora, supra at 413–14. The contested finding in the present case was immaterial to the Tax Court's decision favoring the taxpayer and would therefore be without collateral estoppel effect. See Scott, Collateral Estoppel by Judgment, 56 Harv.L.Rev. 1, 12–15 (1942). The fact that the question was not appealable would also militate against a future claim by the Commissioner of collateral estoppel. See Partmar Corp. v. Paramount Corp., 347 U.S. 89, 99 n. 6, 74 S.Ct. 414, 98 L.Ed. 532 (1954); Lewis v. Thomas, 489 F.2d 700, 701 (3d Cir. 1973); Gelpi v. Tugwell, 123 F.2d 377, 378 (1st Cir. 1941); Restatement of Judgments § 69(2) (1942);

Scott, Collateral Estoppel by Judgment, supra at 15–18.[3]

■ As it seems clear that the unnecessary finding on the stock loss issue is not part of the "decision" of the Tax Court[4] and is thus without preclusive legal effect, there is no occasion, for the protection of the taxpayer in other tax years, to order that this finding be stricken as surplusage from the Tax Court's decision.[5] Compare Electrical Fittings Corp. v. Thomas & Betts Co., supra; Nelson v. Bouchard, 279 F.2d 907 (7th Cir. 1960). We would not hesitate to do so were the effect of the ruling to estop Windle from contesting the issue in other tax years, since simple fairness dictates that Windle not be bound by a determination from which there is no avenue of appeal. Restatement of Judgments § 69(2) (1942).

*Appeal dismissed.*

---

**3.** The Commissioner suggests that non-appealability does not negate the operation of collateral estoppel citing United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). We do not read Munsingwear as standing for this broad proposition. In that case the Government could have moved in the appellate court to vacate the judgment that had become moot but did not do so. In a subsequent action between the parties on the same issues the Government was held to have been bound by res judicata. The hardship was, as the Supreme Court said, "preventable". Id. at 39, 71 S.Ct. 104. Here Windle is utterly without recourse.

**4.** The decision reads in full as follows:
"DECISION
"Pursuant to the opinion of the Court filed January 7, 1976, and incorporating herein the facts recited in the respondent's computation as the findings of the Court, it is

"ORDERED and DECIDED: That there is no deficiency in income tax due from, or overpayment due to, the petitioner for the taxable year ended June 30, 1970."
The respondent Commissioner's computation incorporated in the decision in turn incorporates a statement of income tax changes and an explanation of items, both involving only the bad debt as an ordinary loss.

**5.** We have no doubt that this court would have the power to strike surplusage from a Tax Court decision. The courts of appeals "have exclusive jurisdiction to review the decision of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions without a jury". 26 U.S.C. § 7482(a). This general grant of jurisdiction is not limited by the specific powers enumerated in section 7482(c)(1).