Carl W. VAN ROEKEL,
Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 89–4562.

United States Court of Appeals,
Fifth Circuit.

July 6, 1990.

Thomas C. Durham and Edward C. Rustigan, Mayer, Brown & Platt, Chicago, Ill., for petitioner-appellant.

Robert L. Baker, Gary R. Allen, William S. Estabrook, and Shirley D. Peterson, Asst. Attys. Gen., Tax Div., Dept. of Justice, and Peter K. Scott, Acting Chief Counsel I.R.S., Washington, D.C., for respondent-appellee.

Before GOLDBERG, REAVLEY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Carl Van Roekel asks us to review the tax court's interpretation of the "at risk" rules of 26 U.S.C. section 465 as applied to a computer leasing investment. Specifically, Van Roekel asserts that the tax court erred in holding that he was "protected against loss" within the meaning of section 465(b)(4) and thus was not at risk with respect to his liability on a promissory note. Van Roekel also challenges the court's holding that the position taken with regard to the at risk issue was unsupported by substantial authority, thereby rendering him liable for additions to tax pursuant to 26 U.S.C. section 6661(a). We do not address the merits of those issues, because the resolution would not affect the judgment; there are no appealable issues before us.

■ The tax court's judgment held that "there is a deficiency in income tax due from [Van Roekel] for the taxable year 1982 in the amount of $21,246" and found that Van Roekel also was liable for various additions to tax. Review of the Commissioner's computations that formed the basis for this judgment indicates that the $21,246 deficiency arose solely out of Van Roekel's improper claim of an investment tax credit, an issue Van Roekel conceded in the tax court. The tax court's discussion of the at risk rules in its memorandum opinion thus was irrelevant to Van Roekel's 1982 tax year liability, and resolution of Van Roekel's claims regarding the tax court's "holdings" likewise would have no bearing on the deficiency calculation. We will not consider the merits of the claims. *See W.W. Windle Co. v. Commissioner*, 550 F.2d 43, 45–46 (1st Cir.), *cert. denied*, 431 U.S. 966, 97 S.Ct. 2923, 53 L.Ed.2d 1062 (1977).

■ Van Roekel has suggested that the tax court's rulings on the at risk issues resulted in various additions to tax. If any additions to tax are based on the at risk discussion, they are improper and should be vacated, because that contention did not affect Van Roekel's 1982 tax year liability. We are unable to evaluate this matter, however, because Van Roekel did not object to the judgment on this ground and the

parties have not briefed the issue in this appeal. We will remand to the tax court so that Van Roekel may seek reform of the judgment in that forum.

Both parties have devoted substantial resources to arguing the merits of two issues that are irrelevant to Van Roekel's 1982 tax year liability and, accordingly, to the judgment in this case. Appellate courts deal in issues that affect judgments, and the only result of this appeal has been a needless and inexcusable consumption of judicial time and energy. Federal courts have sufficient business to occupy their attention without having to consider appeals raising issues that do not impact the resolution of the disputes before them. There was no justification for the prosecution of this appeal.

The appeal is DISMISSED and the case is REMANDED to the Tax Court for the purpose stated above.