NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1079n.06

No. 11-2232

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Oct 16, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARTIN COOPER, | ) | |
| | ) | |
| *Petitioner-Appellant*, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES TAX COURT |
| v. | ) | |
| | ) | |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| | ) | |
| *Respondent-Appellee.* | ) | |

Before: CLAY and WHITE Circuit Judges; and HOOD, District Judge.*

HOOD, District Judge.  Petitioner-Appellant Martin C. Cooper ("Petitioner") asks us to consider whether the Tax Court properly concluded that he meant what he said in his briefing before that court.  In particular, we consider whether the Tax Court erred when it concluded that Petitioner had conceded the issue of his status as an employee rather than an independent contractor for tax purposes in the tax years 2003 and 2004 during the course of proceedings before that court.  We hold that, on the facts before us, it did not.  Further, we conclude that, contrary to Petitioner's argument, the Tax Court properly declined his invitation to give an advisory opinion on the determination of his status once he had conceded the issue and the Tax Court had provided an opinion on his liability for the given tax years based on that concession.  The decision of the Tax Court will be affirmed.

The appeal has been referred to a panel of this court.  Upon review, we unanimously agree that oral argument is not needed in this case.  Fed. R. App. P. 34(a)(2)(C).

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

I.

Petitioner was a registered representative of Securities Service Network, Inc. ("SSN"), soliciting customers for the purchase or sale of securities. During tax years 2003 and 2004, SSN paid Petitioner commissions, and he reported this income as though he was an independent contractor on his individual income tax returns for those years, accounting for the sums paid to him by SSN on Schedule C "Profit or Loss from Business."

When those tax returns were audited by the Internal Revenue Service ("IRS"), Petitioner filed a Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, on September 14, 2006, in order to determine whether he was an employee of SSN or an independent contractor. The IRS determined, as stated in a letter dated April 4, 2007, that Petitioner was an employee of SSN. In a notice of deficiency dated June 19, 2007, the IRS advised Petitioner that there were deficiencies in his federal income tax payment for the tax years 2003 and 2004, a portion of which was attributable to the determination that Petitioner worked for SSN as an employee rather than an independent contractor. The IRS also assessed accuracy-related penalties under § 6662(a) for those tax years.

On September 12, 2007, Petitioner timely petitioned the Tax Court for review of those determinations, asserting that the IRS' determination of the amount of deficiency was incorrect because he was an independent contractor, not an employee of SSN. Ultimately, on October 23, 2009, the parties filed a joint motion for leave to submit the case under U.S. Tax Ct. R. 122 on the basis of the pleadings and the facts recited in their stipulation of facts and stipulation of settled issues.[1] In the stipulation of facts, the parties agreed that the "only issue remaining for trial is

---

[1] U.S. Tax Ct. R. 122 provides that

> Any case not requiring a trial for the submission of evidence (as, for example, where sufficient facts have been admitted, stipulated, established by deposition, or included

2

whether [P]etitioner was a common-law employee of [SSN] or an independent contractor, and, therefore, whether his income and expenses . . . should be reported" by means of Line 7 of Form 1040 and Line 20 of Schedule A or on Schedule C for the relevant period. [App'x 44.]

Notwithstanding the parties' statement that there remained an issue as to Petitioner's status as an employee or independent contractor, Petitioner asserted in his pretrial memorandum, also filed on October 23, 2009, that he had been an employee of SSN, not an independent contractor, during the relevant time period. Specifically, he wrote as follows:

> In light of the recent mediation/litigation involving SSN . . . and the Petitioner, additional facts have come to light that likely support the conclusion that the Petitioner should be treated as an employee rather than an independent contractor. The petitioner is aware that this position is contrary to his initial complaint filed with this Court but is now uncertain as to his actual status.

[App'x 67.] He then explained that:

> . . . it would appear that the Petitioner is an employee because the firm executed sufficient control over the worker to establish an employer-employee relationship for federal income tax purposes. The firm exercised control over the worker in the following manner:
>
> (1) The Company required that the worker conform to its own rules and those of stock exchanges and regulatory agencies.
>
> (2) The Company required approval on all new accounts and sales . . . , any advertisements prepared by the worker . . . , and all correspondence prepared by the worker.
>
> (3) The Company required the worker to participate in its Errors and Omissions Insurance Legal Defense and Indemnity Fund.

---

in the record in some other way) may be submitted at any time after joinder of issue . . . by motion of the parties filed with the Court.

Here, the parties' motion for leave to submit the case was granted, and the case was submitted to the Tax Court pursuant to Rule 122.

3

(4) The Company required all customer account files to be maintained in accordance with its own internal procedures.

[App'x 67–68 (internal citations to record omitted).]

Petitioner concluded his pretrial memorandum as follows:

Although the Petitioner generated all of his own business, SSN . . . exercised clear control over the manner in which the securities were sold and the interaction between its representatives and the customer. These actions alone appear to be sufficient to warrant a finding by this Court that the Petitioner was an employee of SSN . . . rather than an independent contractor.

[App'x 68.]

He later wrote in his opening brief, filed on January 21, 2010, that,

It is the Petitioner's position that although he generated all his own business, [SSN] exercised clear control over the manner in which the securities were sold and controlled the interaction between the Petitioner and the customer. The control exercised by [SSN] over the Petitioner rose above the level of mere compliance with government regulations and warrants a finding by this Court that the Petitioner was an employee of [SSN] rather than an independent contractor.

[App'x 140.]

In the same brief, Petitioner discussed the common law factors that courts evaluate in order to determine whether an individual is an employee or an independent contractor and concluded that the factors indicated that Petitioner was an employee of SSN. He summarized the argument, as follows:

[SSN's] treatment of the Petitioner through its detailed compliance manual, together with [SSN's] right to impose sanctions against the Petitioner for noncompliance exceeded the extent of supervision required by securities industry rules and established an employer-employee relationship.

[App'x 146.] He concluded that "Section 921(a) of the Taxpayer's Relief Act of 1997 does not apply in this case" and that the Tax Court "must issue a finding that the Petitioner was an employee of [SSN] for the tax years 2003 & 2004." [App'x 150.]

4

In light of the language in Petitioner's filings, the Government asserted in its opening brief before the Tax Court that Petitioner had admitted that he was an employee of SSN. Petitioner then filed an answering brief denying that he had made any admission. In that same brief, however, he then stated that he "wishe[d] to determine whether or not he was misclassified as an independent contractor of [SSN]" for the relevant time period, effectively reiterating his earlier concession that he was an employee. [Tax Ct. Rec. No. 25, Answering Br. at 7.] Without recanting his statements and argument or seeking to amend his filings, he asked the Tax Court to "draw a defining line explaining what qualifies as permissive supervisory control under Section 921(a) of the Taxpayer's Relief Act of 1997 when determining employment status of a securities broker dealer." [*Id*. at 12.] He further "request[ed] [that the Tax] Court . . . clarify and explain the applicability of 921(a) of the Taxpayer's Relief Act . . . in determining employment status, provide guidance on the basic elements of supervisory procedures that were in place at the time the Petitioner was performing his service with [SSN] and render a finding as to the Petitioner's work status." [*Id*. at 12.]

The Tax Court filed a Memorandum Opinion on October 5, 2010, sustaining the deficiencies attributable to the Commissioner's determination that Petitioner worked for SSN as an employee. In its Memorandum Opinion, the Tax Court concluded that, while the Petitioner had averred that he was an independent contractor and not an employee of SSN when he filed his Petition, "since filing his petition, petitioner has conceded that he was an employee of SSN." [App'x 162.] The Tax Court declined Petitioner's invitation "to 'draw a defining line explaining what qualifies as permissive supervisory control under section 921(a) of the Taxpayer's Relief Act of 1997 when determining employment status of a securities broker dealer for purposes of the Internal Revenue Code'" because it "[was] not at liberty to issue advisory opinions when no tax controversy exist[ed]." [App'x 162.] A decision based on that Memorandum Opinion was entered on December 10, 2010, sustaining the relevant deficiencies but concluding that no penalties were due from Petitioner.

Petitioner then filed a Motion to Vacate the decision either on the grounds that the Tax Court erred when it concluded that he had conceded that he was an employee of SSN or because he was entitled to relief due to attorney mistake because his counsel articulated an argument that included such a concession under Fed. R. Civ. P. 60(b)(1). The Tax Court, on May 31, 2011, denied the motion to vacate, rejecting Petitioner's contention that he had not conceded that he was an employee of SSN and pointing out the multiple times that Petitioner affirmatively stated that he was an employee and urged the Tax Court to conclude the same, while never subsequently asserting that he was an independent contractor during the course of briefing before the Tax Court. The Tax Court also rejected his argument that he was entitled to relief under Fed. R. Civ. P. 60(b)(1) due to attorney mistake because the opening brief reflected a thorough analysis of the factors to be considered and deliberately argued that he was an employee, even while acknowledging that the argument ran counter to the position taken in his petition.

This appeal followed the Tax Court's final decision, and this Court has jurisdiction to consider it by virtue of 26 U.S.C. § 7482(a)(1).

## II.

We review the Tax Court's factual findings for clear error. *Limited, Inc. v. Comm'r of Internal Revenue*, 286 F.3d 324, 331 (6th Cir.2002) (citing *Kearns v. Comm'r of Internal Revenue*, 979 F.2d 1176, 1178 (6th Cir.1992); *Gross v. Comm'r of Internal Revenue*, 272 F.3d 333, 342 (6th Cir.2001)). "Under this standard, the Tax Court's findings of fact will be overruled only if we are 'left with a definite and firm conviction that a mistake has been made.' Thus, we 'must uphold the [T]ax [C]ourt's account of the evidence if it is plausible in light of the record viewed in its entirety.'" *Limited, Inc.*, 286 F.3d at 331 (quoting *Kearns*, 979 F.2d at 1178; *Gross*, 272 F.3d at 343). The Tax Court's legal conclusions are subject to *de novo* review. *Id*. (citing *Kearns*, 979 F.2d at 1178). "When reviewing mixed questions of fact and law, we review the underlying factual determinations

6

under a clearly erroneous standard and the application of the facts to the law under a *de novo* standard." *Id*. (citing *Friedman v. Comm'r of Internal Revenue*, 216 F.3d 537, 541 (6th Cir.2000)).

III.

The Tax Court did not err when it concluded that Petitioner had conceded the issue of his status as an employee of SSN rather than an independent contractor. The Tax Court may accept such concessions, and, having considered the record as a whole, we are not left with a definite or firm conviction that any mistake was made with respect to any finding of fact necessary to that conclusion. *See NicSand, Inc. v. 3M Company*, 507 F.3d 442, 458 (6th Cir. 2007) (explaining that "the plaintiff remains the master of its complaint" and that, if the plaintiff states in post-complaint pleadings filed with the court that he is not bringing or pursuing a particular claim, then the court "should take it at its word.").

The statements made in Petitioner's briefs are what they are, and we need not tarry long with respect to this issue. Not only did Petitioner recognize in his briefs that he was departing from the position taken in his Petition, he offered a reasoned analysis for his change of position based on the facts to which he had stipulated.[2] While he argued that the facts would "likely" support a conclusion that he was an employee, "it would appear that [he was] an employee," and that certain facts "appear[ed] to be sufficient to warrant a finding by [the Tax] Court that [he] was an employee . . . rather than an independent contractor," he ultimately concluded that the Tax Court "must" find that

---

[2] Neither Petitioner nor his counsel are permitted to "evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous." *McCurry ex rel Turner v. Adventist Health Sys.*, 298 F.3d 586, 595 (6th Cir. 2002). Nor can Petitioner complain on appeal of an error, if an error actually exists, that he invited through his insistence that the Tax Court accept his concession. *See Harvis v. Roadway Express, Inc.*, 923 F.2d 59, 61 (6th Cir. 1991) ("Having induced the court to rely on a particular erroneous proposition of law or fact, a party in the normal case may not at a later stage of the case use the error to set aside the immediate consequences of the error"). Petitioner may now regret that he made the concession that he was an employee and not an independent contractor, but he cannot escape it.

he was an employee of SSN. [App'x 67–68.] It was not error for the Tax Court to conclude that Petitioner was conceding the issue of his status as an employee rather than an independent contractor.[3]

## IV.

Further, the Tax Court did not err when, having recognized Petitioner's concession of the issue of his status, it issued an opinion solely on the amount of the deficiency owed for the tax years before it. To the extent that Petitioner simply wishes that the Tax Court had said more about the facts, it was not necessary to do so because, where an issue concerning liability or deficiency is admitted in the pleadings, "no findings of fact are needed to support it in the court's opinion." *Handeland v. Comm'r of Internal Revenue*, 519 F.2d 327, 329 (9th Cir. 1975).

Further, federal courts, including the Tax Court, are "without power to decide questions that cannot affect the rights of litigants in the case before them" and have no power to issue advisory opinions. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citing *Hayburn's Case*, 2 Dall. 409, 1 L. Ed. 436 (1792); *Muskrat v. United States*, 219 U.S. 346, 351–53 (1911); *Local No. 8-6, Oil Chem. and Atomic Workers Intern. Union v. Missouri*, 361 U.S. 363, 367 (1960)). Nor is declaratory relief available in the federal courts "with respect to Federal taxes." 28 U.S.C. § 2201(a); *see W. W. Windle Co. v. Comm'r of Internal Revenue*, 550 F.2d 43, 45–46 (1st Cir. 1977). Thus, a Tax Court's decision is a formal determination of the existence or nonexistence of a tax deficiency for the particular year or years in issue—no more and no less. *See W. W. Windle Co.*, 550 F.2d at 45; *Malat v. Comm'r of Internal Revenue*, 302 F.2d 700, 705 (9th Cir. 1962) ("The objective of a proceeding before the Tax Court is not to expound legal theories or to make advisory findings or to render

---

[3] We make no finding as to whether that conclusion was correct, of course. We conclude only that, based on the language found in Petitioner's pleadings, the Tax Court did not err when it concluded that Petitioner had conceded the issue of his status as an employee of SSN.

8

advisory opinions, but to arrive at a determination of how much tax, if any, the petitioner owes."). Since declaratory relief is not available in the Tax Court, once an issue is resolved for the tax year or years in question, any further analysis would yield an advisory opinion.

In light of the stipulation of facts and concession of the issue of Petitioner's status as an employee, the Tax Court properly limited its inquiry to Petitioner's tax deficiency as an employee of SSN for the tax years 2003 and 2004. Thus, the Tax Court properly declined to issue an advisory opinion setting forth, as a general matter, "a defining line explaining what qualifies as permissive supervisory control under Section 921(a) of the Taxpayer's Relief Act of 1997 when determining employment status of a securities broker dealer." The opinion, while obviously less than satisfying to Petitioner, said all that it needed to say.

## V.

Accordingly, for all of the reasons stated above, we **AFFIRM** the decision of the Tax Court.