**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILLIAM FOOTE and ELIZABETH FOOTE, | No. 14-70668 |
| Petitioners - Appellants, | Tax Ct. No. 12271-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from a Decision of the
Tax Court

Submitted February 12, 2016**
Pasadena, California

Before: BERZON and OWENS, Circuit Judges, and MARBLEY,*** District Judge.

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

       ***     The Honorable Algenon L. Marbley, District Judge for the U.S. District Court for the Southern District of Ohio, sitting by designation.

Petitioners William and Elizabeth Foote appeal from the tax court's summary judgment in favor of the Commissioner. The tax court held that the Footes were not entitled to an award of administrative costs and litigation expenses incurred during their audit and deficiency proceedings. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We affirm.

The Footes were subject to auditing and deficiency proceedings from 1996 to 2011. The five actions against them were ultimately resolved through stipulations entered by the tax court, none of which referenced administrative or litigation costs. The Footes did not file a motion seeking an award of costs under 26 U.S.C. § 7430, nor did they move to vacate the decisions. *See* 26 C.F.R. § 301.7430-2(b)(2); Tax Court Rules 230-33.

As the Footes did not properly petition the tax court for administrative and litigation costs before the stipulated decisions became final, their current action for costs is barred by res judicata. *See Gustafson v. Comm'r*, 97 T.C. 85, 93 (1991); *see also W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (listing the requirements for res judicata to apply). The Footes' request to the Internal Revenue Service for administrative costs is immaterial, because a prevailing taxpayer may only recover costs from the IRS if "[t]he underlying substantive issues . . . are not, and have never been, before any court of the United

2

States." § 301.7430-2(b)(1)(i). Here, the Footes' liability was determined by the tax court by way of stipulation. As such, any request for costs made to the IRS was procedurally improper.

**AFFIRMED.**