T.C. Memo. 2002-49

UNITED STATES TAX COURT

TAE M. KIM AND YOUNG J. KIM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1448-01.          Filed February 21, 2002.

Tae M. Kim and Young J. Kim, pro sese.

<u>Roger W. Bracken</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).  We
shall grant respondent's motion.

<u>Background</u>

Petitioners resided in Bowie, Maryland, at the time they
filed the petition in this case.

On May 8, 1997, respondent issued to petitioners a notice of deficiency (notice) determining a deficiency in, and an accuracy-related penalty under section 6662(a)[1] on, their Federal income tax for each of the years 1993 and 1994.  Petitioners timely filed a petition with respect to that notice (Kim I), and a trial was held in Kim v. Commissioner, docket No. 15447-97.  On August 4, 1999, the Court filed its opinion in Kim I.  Kim v. Commissioner, T.C. Memo. 1999-261.  Thereafter, petitioners did not file a motion in Kim I claiming reasonable administrative and/or litigation costs.  On December 1, 1999, the Court entered a decision in Kim I.

In February 2000, petitioners appealed the decision of the Court in Kim I to the United States Court of Appeals for the Fourth Circuit (Court of Appeals).

On March 23, 2000, respondent issued to petitioners two separate notices, entitled "Notice of Tax Due on Federal Tax Return", one of which pertained to petitioners' taxable year 1993 and one of which pertained to petitioners' taxable year 1994.

On June 2, 2000, in an unpublished opinion the Court of Appeals affirmed the Court's decision in Kim I.  Kim v. Commissioner, 215 F.3d 1319 (4th Cir. 2000), affg. per curiam without published opinion T.C. Memo. 1999-261.

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

On June 12, 2000, petitioners sent a letter (petitioners' June 12, 2000 letter) to the Internal Revenue Service (IRS) in which they requested "the recovery of administrative/litigation costs incurred after Appeals through the Tax Court hearing in the determination of the amount of taxes" for 1993 and 1994, as follows:

| Claimed Nature of Administrative/Litigation Costs | Claimed Amount of Costs |
|---|---|
| Studies, consulting, research, parking, transportation, and others | $2,548.00 |
| Document production and copying | 562.50 |
| Delivery and mailing | 74.00 |
| Legal consultation and assistance | 3,450.00 |
| Telephone | 138.10 |
| Document filing | 60.00 |
| Attorney representation | 400.00 |
| Total Amount of Claimed Costs | $7,232.60 |

On August 31, 2000, Kim v. Commissioner, 215 F.3d 1319 (4th Cir. 2000), became final.

On November 20, 2000, respondent sent a letter (respondent's November 20, 2000 letter) to petitioners in response to petitioners' June 12, 2000 letter and to a letter from petitioners dated July 31, 2000, that is not part of the instant record. In respondent's November 20, 2000 letter, respondent stated in part:

> Under I.R.C. § 7430, the prevailing party in a court proceeding may be awarded a judgment or settlement for reasonable administrative and litigation costs. Under I.R.C. [§] 7430(c)(4)(C), when a case is finally determined by a court, that court must make the determination of who is the prevailing party for purposes of determining the award of administrative and litigation costs. Treas. Reg. § 301.7430-2(b)(2)

states that where the underlying substantive issues were before any court of the United States, including the Tax Court, the taxpayer's only possibility of obtaining an award of reasonable administrative costs is from the court.

Tax Court Rule 231 sets forth the requirements for making a claim for litigation and administrative costs. Under this rule, when a case is unagreed concerning the parties claim for such costs, a claim shall be made by motion filed within 30 days after the service of a written opinion determining the issues in the case. The Tax Court issued its opinion in your case, Docket No. 15447-97, on August 4, 1999. That opinion was served upon respondent that same day. We are unaware if you have filed any motion requesting an award of reasonable administrative or litigation cost in this case. If you have not made such a motion within 30 days of the service of the Tax Court's opinion in your case, your claim is untimely and can not be allowed. Your letters of June 12, 2000, and July 31, 2000, do not constitute an appropriate request for recovery of reasonable administrative and litigation costs as required by I.R.C. [§] 7430 and Tax Court Rule 231.

     \*        \*        \*        \*        \*        \*        \*

This letter constitutes the respondent's response to your letters. \* \* \*

On December 12, 2000, petitioners sent a letter (petitioners' December 12, 2000 letter) to respondent in response to respondent's November 20, 2000 letter. In petitioners' December 12, 2000 letter, petitioners stated in part:

We received the IRS denial notice dated November 20, 2000. We find that paragraphs of IRS Publication 556, Publication 5, and others, in relation to recovering litigation or administrative costs, were not considered in IRS notice of denial.

Our understandings from the review of these IRS Publications are not consistent with the basis of the IRS notice of denial.

On December 27, 2000, respondent sent a letter (respondent's December 27, 2000 letter) to petitioners in response to petitioners' December 12, 2000 letter.  In respondent's December 27, 2000 letter, respondent stated:

> We received your letter of December 12, 2000.  You assert that IRS Publication 5 and 556 (and others) were not considered when denying your claim for recovering administrative and litigation costs.  IRS publications are for information purposes; they are not law. * * * The Internal Revenue Code and Treasury Regulation sections described in our letter to you, dated November 20, 2000, are the controlling law in this area.
>
> Additionally, we reviewed the publications mentioned.  We found nothing in those publications that was inconsistent with the law that controls the award of administrative and litigation costs in your case.

On January 18, 2001, petitioners filed a petition for administrative costs under section 7430(f)(2) in which they seek to recover $7,232.60.[2]

Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as

---

[2]Although petitioners filed a petition for administrative costs under sec. 7430(f)(2) seeking administrative costs totaling $7,232.60, in petitioners' June 12, 2000 letter petitioners described their request to the IRS for $7,232.60 as "a request for the recovery of administrative/litigation costs incurred after Appeals through the Tax Court hearing".  It appears that petitioners may have included not only administrative costs but also litigation costs in their claim for $7,232.60 in their petition for administrative costs under sec. 7430(f)(2).  Assuming arguendo that petitioners did include litigation costs as well as administrative costs in their petition for administrative costs under sec. 7430(f)(2), that fact would be immaterial to our resolution of respondent's motion for summary judgment.

a matter of law.  Rule 121(b); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).  We conclude that there is no genuine issue of material fact precluding us from resolving the question raised in respondent's motion.

In respondent's motion, respondent argues that, under <u>Gustafson v. Commissioner</u>, 97 T.C. 85 (1991), "The doctrine of <u>res</u> <u>judicata</u> bars an action for administrative costs under section 7430(f)(2)[3] to the extent the recovery of such costs could have been pursued in a prior deficiency case."[4]  Petitioners counter that the doctrine of res judicata is irrelevant to their claim under section 7430(f)(2).

---

[3]Sec. 7430(a) authorizes an award to the prevailing party of reasonable administrative costs incurred in any administrative proceeding with the IRS and of reasonable litigation costs incurred in any civil tax litigation.  As pertinent here, sec. 7430(f)(2) provides:

SEC. 7430.  AWARDING OF COSTS AND CERTAIN FEES.

(f) Right of Appeal.--

 *       *       *       *       *       *       *

    (2) Administrative proceedings.-- A decision granting or denying (in whole or in part) an award for reasonable administrative costs under subsection (a) by the Internal Revenue Service shall be subject to the filing of a petition for review with the Tax Court under rules similar to the rules under section 7463 (without regard to the amount in dispute). * * *

[4]Respondent raised the doctrine of res judicata as an affirmative defense in respondent's answer to petitioners' petition.

The Supreme Court described the doctrine of res judicata as follows:

> The general rule of <u>res judicata</u> applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. [<u>Commissioner v. Sunnen</u>, 333 U.S. 591, 597 (1948); citations omitted.]

In <u>Gustafson v. Commissioner</u>, <u>supra</u>, the Court held on facts substantially the same as those involved in the instant case "that the doctrine of res judicata bars an action for administrative costs under section 7430(f)(2) to the extent that the recovery of such costs could have been pursued in a prior deficiency, liability, revocation, or partnership case." <u>Gustafson v. Commissioner</u>, <u>supra</u> at 93. We conclude that <u>Gustafson</u> is controlling here. We hold that the doctrine of res judicata bars petitioners from litigating in the instant case their claim for administrative costs under section 7430(f)(2). We shall grant respondent's motion.

We have considered all of the contentions and arguments of petitioners that are not discussed herein, and we find them to be

without merit and/or irrelevant.

To reflect the foregoing,

<u>An appropriate order and deci-</u>

<u>sion will be entered</u>.