**Shigenori KUDO, and Motomi Kudo; Toraya Corporation; Yoshinori Takao, and Estate of Akiko Takao, Deceased, Yoshinori Takao, Sucessor–in–Interest, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

Nos. 99–70947, 0971–3.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Decided April 6, 2001.

Before SCHROEDER, HALL, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

We affirm the Tax Court's decision upholding deficiencies and penalties. As the parties are familiar with the factual and procedural history of this case, we do not recount them here.

### 1. *Standard of Review*

We review the tax court's conclusions of law de novo and its factual findings for clear error. *Baizer v. Comm'r*, 204 F.3d 1231, 1233–34 (9th Cir.2000). We review a tax court's affirmance of a penalty for clear error. *Collins v. Comm'r*, 857 F.2d 1383, 1386 (9th Cir.1988).

### 2. *Jurisdiction over the appeal of Toraya Corporation*

A tax court decision is "reviewable only if there is a controversy between the taxpayer and the Government about the amount of taxes due." *W.W. Windle Co. v. Comm'r*, 550 F.2d 43, 45 (1st Cir. 1977). Toraya Corporation was found to have no deficiencies. If Toraya were to prevail on appeal, it would still have no deficiencies. We therefore do not have jurisdiction to hear Toraya's appeal.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Toraya argues that collateral estoppel will prevent it from challenging the tax court's findings in future litigation. The fact that Toraya could not appeal, however, will "militate against a future claim by the Commissioner of collateral estoppel." *Id.* at 46. At oral argument, counsel for the Commissioner conceded that the tax court's opinion will not collaterally estop Toraya in future cases from litigating the finding that it received unreported income, should it turn out that this finding has tax consequences for other years.

### 3. *Unreported income*

■■■ The remaining appellants argue that the Commissioner did not link all of the unreported income to a particular source. The argument is not persuasive because the Commissioner was not required to show such a link. "If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous." *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir.1999). The Commissioner provided evidence of unreported income in the form of bank deposits and cash purchases. *See Clayton v. Comm'r*, 102 T.C. 632, 645, 1994 WL 135337 (1994) ("The use of the bank deposit method for computing unreported income has long been sanctioned by the courts."). The Appellants have not met their burden of showing that the deficiency was erroneous.

### 4. *Penalties*

■■■ Appellants defend against the assessment of penalties by arguing good faith reliance on the accountant who prepared their returns. Such reliance is not a defense to a late payment penalty. *See United States v. Boyle*, 469 U.S. 241, 252, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985) ("fail-

ure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent"). Good faith reliance on a tax preparer is justified with respect to the other penalties, but only if the taxpayer has provided the tax preparer with all necessary information. *See Pessin v. Comm'r*, 59 T.C. 473, 489, 1972 WL 2491 (1972) ("the ultimate responsibility for a correct return lies with the taxpayer who must furnish the necessary information to his agent who prepared his return"). The tax court found that taxpayers did not maintain adequate records. Moreover, it found that they did not supply the tax preparer with records, such as bank records, that would have allowed the preparer to prepare an accurate return. There is no clear error by the tax court in so finding.

AFFIRMED.