No. 95–1773. TEXAS ET AL. v. HOPWOOD ET AL. C. A. 5th Cir. Certiorari denied. ■

Opinion of JUSTICE GINSBURG, with whom JUSTICE SOUTER joins, respecting the denial of certiorari.

Whether it is constitutional for a public college or graduate school to use race or national origin as a factor in its admissions

process is an issue of great national importance. The petition before us, however, does not challenge the lower courts' *judgments* that the particular admissions procedure used by the University of Texas Law School in 1992 was unconstitutional. Acknowledging that the 1992 admissions program "has long since been discontinued and will not be reinstated," Pet. for Cert. 28, petitioners do not defend that program in this Court, see Reply to Brief in Opposition 1, 3; see also Brief for United States as *Amicus Curiae* 14, n. 13 ("We agree that the 1992 [admissions] policy was constitutionally flawed . . . ."). Instead, petitioners challenge the *rationale* relied on by the Court of Appeals. "[T]his Court," however, "reviews judgments, not opinions." *Chevron U. S. A. Inc.* v. *Natural Resources Defense Council, Inc.*, 467 U. S. 837, 842 (1984) (footnote omitted). Accordingly, we must await a final judgment on a program genuinely in controversy before addressing the important question raised in this petition. See Reply to Brief in Opposition 2 ("[A]ll concede this record is inadequate to assess definitively" the constitutionality of the law school's current consideration of race in its admissions process.).