**NATURAL RESOURCES DEFENSE COUNCIL; the Humane Society of the United States; Cetacean Society International; League for Coastal Protection; Ocean Futures Society; Jean–Michel Cousteau, Plaintiffs— Appellees,**

**v.**

**Carlos M. GUTIERREZ, Secretary of the U.S. Department of Commerce; National Marine Fisheries Service; William Hogarth, Assistant Adminis-**

trator for Fisheries of the National Oceanographic & Atmospheric Administration; Conrad C. Laurenbacher, Vice Admiral, Administrator of the National Oceanographic & Atmospheric Administration; United States Department of the Navy; Vern Clark, Admiral, Chief of Naval Operations; Gordon R. England, Secretary of the U.S. Department of the Navy, Defendants—Appellants.

No. 04–15018.

United States Court of Appeals, Ninth Circuit.

Argued and Submission Deferred Dec. 6, 2005.

Submitted June 16, 2006 San Francisco, California.

Before: BRUNETTI and KOZINSKI, Circuit Judges, and HOGAN *, District Judge.

## ORDER

Defendants conceded in their opening brief, at oral argument and in their supplemental brief that they do not

---

* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

challenge the only form of relief the district court granted—the permanent injunction. Rather, they seek appellate excision of the district court's ruling that the National Marine Fisheries Services's (NMFS) May 30, 2002 Biological Opinion (BiOp) violated the Endangered Species Act (ESA). Essentially they want us to line-edit the district court's ruling. But they have no standing to challenge the district court's legal rulings in the abstract; they must seek a reversal or a modification of the relief granted by the district court. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 64, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.").

 To have standing on appeal, defendants must establish that "it is likely, as opposed to merely speculative, that [their] injury will be redressed by a favorable decision." *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). This they cannot do. Even if we agreed with defendants that the BiOp complied with the ESA, the permanent injunction would remain in place. Our ruling would have no practical effect unless defendants were to succeed in curing all other violations identified by the district court. Whether they could do so is highly contingent and speculative.

Defendants mistakenly claim that the district court "effectively remanded the May 30, 2002 BiOp to NMFS and required NMFS to reissue it with an ITS." Although the effect of the permanent injunction may be that NMFS chooses to reissue the BiOp, the injunction does not require it to do so. Defendants may proceed with

limited deployment of SURTASS LFA sonar in accordance with the permanent injunction, or to remedy the violations identified by the district court by reissuing the BiOp. The district court could have remanded this case to the NMFS for reissuance of the BiOp, but instead it entered a permanent injunction. We decline defendants' invitation to presume the district court's choice of remedy was inadvertent. In any event, however one may characterize the district court's ruling, defendants were free to challenge it on appeal; they did not.

**DISMISSED.**