**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARRELL G. FLECK; KIMBERLY J.
FLECK,

      Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 13-9004
(Tax Ct. No. 6481-11)
(United States Tax Court)

---

LAWRENCE F. PEEK; SARA L.
PEEK,

      Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 13-9005
(Tax Ct. No. 5951-11)
(United States Tax Court)

---

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.[**]

Petitioner-Appellants Darrell G. Fleck, Kimberly L. Fleck, Lawrence F. Peek, and Sara L. Peek (collectively, Appellants) appeal from a decision of the United States Tax Court (the Tax Court) concerning notices of deficiency related to their 2006 and 2007 federal tax returns. Peek v. C.I.R., 140 T.C. 216 (2013). Appellants ask us to find that the Tax Court erred in making supplemental factual findings contrary to and unsupported by the stipulated facts and exhibits submitted with their cases. Because we lack jurisdiction, the appeal must be dismissed.

Background

In December 2010, the Commissioner mailed notices of deficiency to Appellants, determining income tax deficiencies and penalties for the 2006 and 2007 taxable years. Appellants brought separate Tax Court petitions challenging the deficiencies and penalties. The Tax Court consolidated Appellants' cases for trial, briefing, and opinion, and the parties submitted the cases based on a set of stipulated facts and attached exhibits.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

In the Tax Court, the Commissioner asserted that individual retirement accounts (IRAs) set up by Appellants had engaged in prohibited transactions, including certain personal guaranties and home mortgages which resulted in capital gains distributions not accurately reported on their returns. Appellants argued that these guaranties and mortgages were not prohibited and that they did not owe penalties because, among other reasons, they had relied in good faith on the advice of their accountant, Mr. Blees.

The Tax Court issued an opinion holding that the transactions at issue were indeed prohibited and that Appellants were liable for accuracy-related penalties. The Tax Court rejected Appellants' argument that they had reasonably relied on Mr. Blees' advice in failing to accurately report their gains and made several supplemental factual findings, including that Mr. Blees was a "promoter" and not "a disinterested professional" under these circumstances. Peek, 140 T.C. at 229. Additionally, there was "no indication that Mr. Fleck and Mr. Peek informed their accountant" of their intended course of action "or that Mr. Blees gave them any advice that their personal guaranties would not be a prohibited transaction." Id. at 230. The Tax Court concluded that Appellants "did not rely on their accountant's advice with regard to the prohibited transactions . . . and did not have reasonable cause or act in good faith in failing to report the capital gains" at issue. Id.

Appellants unsuccessfully sought reconsideration, arguing that the Tax Court assumed facts not in evidence. The Tax Court then entered decisions determining the respective deficiencies and penalties. Appellants do not appeal from the Tax Court's decisions; instead, they appeal from only the portion of Part IV of the Tax Court's opinion titled "Accuracy-related penalties," which includes certain factual findings. Id. at 227–230. They concede that reversal of the findings would not affect the Tax Court's decisions, but they are nevertheless concerned that the findings could be used against them in a pending state court malpractice action they have brought against Mr. Blees.

### Discussion

Under I.R.C. § 7482(a)(1), the courts of appeals have exclusive jurisdiction to "review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." There is "no grant of jurisdiction to review the findings and rulings of the Tax Court apart from their effect upon the decision." W.W. Windle Co. v. C.I.R., 550 F.2d 43, 45 (1st Cir. 1977); see also Katz v. C.I.R., 335 F.3d 1121, 1125 (10th Cir. 2003). We may only review a Tax Court decision "if there is a controversy between the taxpayer and the Government about the amount of taxes due." Windle, 550 F.2d at 45; see also De Amodio v. C.I.R., 299 F.2d 623, 625 (3d Cir. 1962).

Appellants do not seek reversal of or otherwise challenge the Tax Court's decisions or determinations of deficiencies and penalties—but rather challenge only factual findings regarding Mr. Blees' knowledge of and alleged advice regarding the improper transactions. For this reason, we do not have jurisdiction to hear their appeal.

Additionally, Appellants lack Article III standing to seek review of unfavorable factual findings where they do not seek reversal of the relevant judgment or final decree. NRDC v. Gutierrez, 457 F.3d 904, 905–06 (9th Cir. 2006); see also Texas v. Hopwood, 116 S. Ct. 2581, 2582 (1996) (denying petition for writ of certiorari where the petitioners challenged only the lower courts' analysis, rather than their judgments). Appellants assert that, as an exception to this rule, a party has standing and a right to appeal a court's rulings if the party may be collaterally estopped by those rulings in a separate state court action. Homestead Golf Club, Inc. v. Pride Stables, 224 F.3d 1195, 1197 n.1 (10th Cir. 2000). Indeed, in their motions for leave to file an amicus curiae brief in this appeal, Mr. Blees and his firm have noted their plan to argue in Colorado state court that collateral estoppel bars Appellants' malpractice suit against them. Yet, both parties in *this* action agree that a claim of collateral estoppel is meritless because the Tax Court's supplemental findings were not necessary to the ultimate decisions. Aplt. Rep. Br. 4–5; see also Allen v. McCurry, 449 U.S. 90, 95 (1980) ("Under collateral estoppel, once a court has decided an issue of

fact or law necessary to its judgment, that decision may preclude relitigation of the issue . . . .").  Appellants' argument thus fails on its own terms, and we need not proceed further.

APPEAL DISMISSED.  We DENY Chris Blees and Biggs Kofford & Co.'s motion for reconsideration of our previous denial of their motion to file an amicus curiae brief.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge