# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2019

Lyle W. Cayce
Clerk

No. 19-30207
Summary Calendar

DOUBLE EAGLE ENERGY SERVICES, L.L.C.,

    Plaintiff - Appellant

v.

MARKWEST UTICA EMG, L.L.C.; OHIO GATHERING COMPANY, L.L.C.,

    Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana

Before WIENER, HAYNES, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

The time-of-filing rule—that subject matter jurisdiction is determined when a federal court's jurisdiction is first invoked—is "hornbook law." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). This appeal requires us to consider the rule outside the ordinary diversity or federal question case. It asks what happens if a lawsuit, when filed, is related to a bankruptcy, but then something happens that dissolves the bankruptcy connection.

After it filed for Chapter 11 bankruptcy, Double Eagle Energy Services sued MarkWest and Ohio Gathering on a contract claim in Louisiana federal

court. Because the debtor's contract suit was a "civil proceeding[] . . . related to" a bankruptcy, the district court had subject matter jurisdiction. 28 U.S.C. § 1334(b); *see also Wood v. Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (holding that section 1334(b) requires only that the claim conceivably affect the bankruptcy estate).

But then Double Eagle assigned its claim against Defendants to one of its creditors. Defendants seized on the apparent divestment of any connection between Double Eagle's claim and the bankruptcy estate. They argued in support of a motion to dismiss that (1) the assignment destroyed subject matter jurisdiction under section 1334(b), and (2) that meant the Louisiana federal court also lacked personal jurisdiction over Defendants. The magistrate judge agreed on both counts, and the district court adopted the magistrate's recommendation over Double Eagle's objection.

We address subject matter jurisdiction first. The district court erred by failing to apply the time-of-filing rule to section 1334(b). "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux*, 541 U.S. at 570 (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)).[1] That longstanding rule promotes efficiency; it would be "wasteful" if post-filing changes in "the facts

---

[1] Defendants argue that Double Eagle forfeited the time-of-filing rule by raising it first in its objection to the magistrate's report. We disagree for a number of reasons. Double Eagle asserted section 1334(b) jurisdiction in its complaint, then defended it—albeit against an assault going to abstention under section 1334(c)(1), not the post-filing divestment of a connection to the bankruptcy case—in its response to the motion to dismiss. That was enough to put the time-of-filing rule before the magistrate judge because that rule is a bedrock principle of subject matter jurisdiction. *See Grupo Dataflux*, 541 U.S. at 570–71 ("This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure." (footnote omitted)); *GlobeRanger Corp. v. Software AG U.S.A., Inc.*, 836 F.3d 477, 488 (5th Cir. 2016) (discussing this "basic principle[] of federal jurisdiction"). What is more, the district court did not conclude that Double Eagle had failed to raise the time-of-filing rule; it instead agreed with the magistrate judge's jurisdictional analysis on the merits.

determining jurisdiction" required dismissal of a case to which the parties and court had already devoted resources. *Id.* at 580. Although courts have not often considered the time-of-filing rule for cases related to bankruptcy, it applies to bankruptcy jurisdiction no less than it applies to diversity or federal question jurisdiction. *In re Canion*, 196 F.3d 579, 586 n.29 (5th Cir. 1999); *see also In re Celotex Corp.*, 124 F.3d 619, 626 (4th Cir. 1997); *In re Worldcom, Inc. Sec. Litig.*, 294 B.R. 553, 556 (S.D.N.Y. 2003). Indeed, even the closing of a bankruptcy case does not divest federal courts of section 1334(b) jurisdiction over cases that, when filed, were related to the bankruptcy (though, as discussed below, such circumstances strongly favor discretionary dismissal). *In re Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993); *In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995). This means that the related-to-bankruptcy jurisdiction that existed at the outset of this case never went away.

Failing to focus on the time of filing also infected the district court's personal jurisdiction analysis. Personal jurisdiction requires two things: authorization for service of summons and a "constitutionally sufficient relationship" (the "minimum contacts" test) between the defendant and the forum. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). If this were an ordinary contract claim in federal court on diversity jurisdiction, the only authority to serve a defendant would come from Federal Rule of Civil Procedure 4, which requires that the defendant be subject to personal jurisdiction in Louisiana's courts. *See* FED. R. CIV. P. 4(k)(1)(a). Fourteenth Amendment due process—made pertinent by the reference to the reach of a state's courts—requires, in turn, that the defendant have sufficient contacts with Louisiana. 4A CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. § 1069, at 122–24 (4th ed. 2015). The district court determined that the Defendants' contacts with Louisiana were lacking.

No. 19-30207

But as we have explained, Double Eagle's suit remains one under the bankruptcy court's section 1334(b) jurisdiction. That means that Double Eagle had another route for service of summons: Bankruptcy Rule 7004. *See Celotex*, 124 F.3d at 629–30; *Diamond Mortg. Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1242 (7th Cir. 1990). Unlike Rule 4, Bankruptcy Rule 7004 permits nationwide service of process without limitation to the reach of the forum state's courts. FED. R. BANKR. P. 7004(d). There remains the requirement of a "constitutionally sufficient relationship" with the forum. *Omni Capital*, 484 U.S. at 104. With nationwide service, the forum is the United States. So minimum contacts with the United States (Fifth Amendment due process) suffice; minimum contacts with a particular state (Fourteenth Amendment due process) are beside the point. *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994); 17 CHARLES ALAN WRIGHT ET. AL., FED. PRAC. & PROC. § 4106, at 594–95 (3d ed. 2007). And residents of the United States—which Defendants undisputedly are—have enough contact with the United States that haling them into federal court "does not offend traditional notions of fair play and substantial justice." *Busch*, 11 F.3d at 1258; *see also, e.g.*, *Luallen v. Higgs*, 277 F. App'x 402, 404–05 (5th Cir. 2008) (holding that Nevada residency satisfied Fifth Amendment due process for personal jurisdiction by federal court in Texas).

The section 1334(b) jurisdiction that existed when this case was filed thus means there is both subject matter and personal jurisdiction.

Even with that jurisdiction, Defendants contend there are alternative grounds to affirm the dismissal. The first is that although dismissal of a bankruptcy case does not withdraw a federal court's section 1334(b) "related to" jurisdiction, the "general rule" is that the district court "should" exercise its discretion to dismiss in this situation. *Querner*, 7 F.3d at 1201. That decision is committed to "the sound discretion" of the federal court. *Id.* at 1202. Our

ordinary practice for discretionary decisions is remanding to "allow the district court to exercise [its discretion] in the first instance." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 424–25 (5th Cir. 2014) (quotation omitted). That makes sense here.

Defendants also point to a forum selection clause in their contract with Double Eagle, arguing that the clause warrants dismissal for improper venue. But assuming the forum selection clause is enforceable,[2] it places proper venue in Ohio state *or federal* courts. That means that while the clause may support a transfer to a federal court in Ohio, it cannot support the district court's dismissal. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013). The possibility of a venue transfer to Ohio federal court is another issue we will remand for the district court to consider in the first instance.

*　　*　　*

We VACATE the district court's judgment and REMAND for further proceedings consistent with this opinion.

---

[2] Were this a "core" bankruptcy proceeding, there would be a public-policy interest against enforcement of the forum selection clause. *In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299, 306 (5th Cir. 2013). That interest may be weaker in this "noncore" proceeding. *See* 1 ALAN J. RESNICK ET AL., COLLIER ON BANKRUPTCY ¶ 3.02, at 3-36 (16th ed. 2019) (explaining that a "cause of action owned by the debtor at the time the title 11 case was filed" is "by definition . . . a 'related matter' not a core proceeding" (footnote omitted)); *In re Exide Techs.*, 544 F.3d 196, 218 n.15 (3d Cir. 2008) (stating that forum selection clauses should be enforced for noncore proceedings if they would be enforced outside of bankruptcy). We need not decide this question because we remand the forum-selection-clause issue.