# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2024

Lyle W. Cayce
Clerk

No. 23-20362

consolidated with

No. 23-20464

---

In the Matter of Riverstone Resort, L.L.C.,

*Debtor*,

Azhar Chaudhary Law Firm, P.C.; Azhar Chaudhary,

*Appellants*,

*versus*

Hamzah Ali,

*Appellee*,

consolidated with

---

No. 23-20498

---

In the Matter of Riverstone Resort, L.L.C.

*Debtor*,

Riverstone Resort, L.L.C.,

*Appellant*,

*versus*

Hamzah Ali,

*Appellee*,

consolidated with

_____

No. 23-20507

_____

In the Matter of Riverstone Resort, L.L.C.

*Debtor*,

Hamza Ali,

*Appellant*,

*versus*

Azhar Chaudhary Law Firm, P.C.;
Azhar Mahmood Chaudhary,

*Appellees*.

_____

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 4:23-CV-1028, 4:23-CV-1354,
4:23-CV-1361, 4:23-CV-1503

_____

2

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

Before SMITH, CLEMENT, and HIGGINSON, *Circuit Judges*.

JERRY E. SMITH, *Circuit Judge*:

Seeking to recover money that Azhar Chaudhary, his former lawyer, had taken from him but had not earned, Hamzah Ali sued Chaudhary, Chaudhary's law firm, and Riverstone Resort, an entity owned by Chaudhary. The bankruptcy court granted judgment for Riverstone based on the statute of limitations and dismissed Ali's claims against Chaudhary and his firm, concluding that it lacked jurisdiction or should abstain.

Everyone appealed to the district court, then appealed again to this court. We dismiss Chaudhary's, his law firm's, and Riverstone's appeals because they are not aggrieved parties entitled to appeal. We reverse the judgment in favor of Riverstone because the bankruptcy court did not consider fully whether equitably to toll the limitations period.

I.

In February 2017, Hamzah Ali, a legal immigrant from Yemen and Dubai, retained Chaudhary as his attorney and paid him $810,000 over the next three months. Chaudhary maintains that that money was a nonrefundable retainer, but Ali asserts that Chaudhary was supposed to bill him hourly.

Chaudhary testified that he helped Ali with visa renewals; U.S. permanent-residency applications; money transfers from Arab countries; the "travel ban"; security-clearance issues; investigations relating to supposed terrorist connections; and banking restrictions and frozen assets. But the bankruptcy court found that Chaudhary's testimony was mostly a lie. He did little work for Ali, the court concluded, and any work that he performed had little-to-no value. For example, the court found "nonsensical" that Chaudhary had advised Ali on security-clearance issues because Ali had never held a security clearance.

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

The relationship deteriorated over a period of eight months. Ali fired Chaudhary in October 2017 and reconnected with Gordon Quan, an attorney who had previously helped him with immigration matters. Quan told Ali that almost all of Chaudhary's advice was misleading or false.

In 2018, Ali sued Chaudhary and Azhar Chaudhary Law Firm, P.C. ("firm" or "law firm"), in Texas state court. He sought recovery based on breach of contract, *quantum meruit*, breach of fiduciary duty, fraud, negligence, and gross negligence. That lawsuit was still pending in 2023.

In October 2021, a limited liability company called Riverstone Resort ("Riverstone") filed for Chapter 11 bankruptcy (later converted to Chapter 7). Riverstone, which was owned by Chaudhary, had a single real-estate asset.

In May 2022, Ali sued Chaudhary, the law firm, and Riverstone in bankruptcy court. In his operative complaint, Ali alleged that Chaudhary and his firm (1) breached their fiduciary duty to him and (2) were unjustly enriched by the money they took from him. He also contended (3) that Chaudhary had transferred Ali's money to Riverstone and that Riverstone would be unjustly enriched if it kept that money. Among other remedies, Ali sought (4) a constructive trust over Riverstone's property.

At various times before trial, Chaudhary and his law firm had moved to dismiss and for summary judgment. The bankruptcy court partially dismissed the claims but left most of them standing for trial.

After a bench trial, the court granted a take-nothing judgment for Riverstone. It concluded that Ali had established all elements to win a Texas-law constructive trust over Riverstone's sole asset. But the statute of limitations had expired before Ali sued Riverstone in bankruptcy court and before Riverstone had even filed for bankruptcy. The court declined to toll limitations equitably.

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

The court dismissed Ali's claims against Chaudhary and his law firm, explaining that it either lacked jurisdiction or should abstain from deciding them. All parties appealed to the district court, raising issues like those they raise here. The district court dismissed all appeals, affirmed the bankruptcy court's judgment in favor of Riverstone, and entered final judgment for Chaudhary and the law firm. Everyone appealed to this court.

Appealing the judgment in favor of Riverstone, Ali posits that (1) the bankruptcy court erred when it failed equitably to toll limitations. Alternatively, he says that (2) the limitations period had not begun running because Chaudhary had fraudulently concealed Ali's cause of action by hiding Ali's money. Ali does not appeal the bankruptcy court's dismissal of the claims raised against Chaudhary and the law firm.

Chaudhary and the firm contend that the bankruptcy court (1) lacked subject-matter jurisdiction; (2) erred by failing to abstain from hearing claims against them; (3) issued an improper advisory opinion; and (4) incorrectly designated the adversary proceeding as a core bankruptcy proceeding.

Riverstone complains that the bankruptcy court (1) abused its discretion by refusing to postpone the trial on the eve of trial and by conducting trial in Riverstone's absence; (2) lacked subject-matter jurisdiction; (3) incorrectly designated the adversary proceeding a core bankruptcy proceeding; and (4) erred by retaining jurisdiction over the adversary proceeding after dismissing the bankruptcy.

We consolidated these four appeals.

## II.

We start with subject-matter jurisdiction, which we review *de novo*. *Natixis Funding Corp. v. GenOn Mid-Atl. Dev., L.L.C. (In re GenOn Mid-Atl. Dev., L.L.C.)*, 42 F.4th 523, 533 (5th Cir. 2022). We need only address

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

Riverstone's challenge because the bankruptcy court dismissed the claims against Chaudhary and his firm.

Under 28 U.S.C. § 1334(b), a bankruptcy court has jurisdiction over "all civil proceedings related to bankruptcy cases. A proceeding relates to a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the debtor's estate." *GenOn*, 42 F.4th at 534 (cleaned up).

The bankruptcy court had jurisdiction under § 1334(b). Ali sued Riverstone for a constructive trust during Riverstone's bankruptcy case. If Ali won, he would have gained "the right to recover the trust property from the bankruptcy trustee."[1] Ali's success would have had an "effect on the debtor's estate." *Id.* (cleaned up). And contrary to Riverstone's assertion, the court did not lose jurisdiction when Riverstone's bankruptcy ended.[2]

Riverstone also asserts that the court lacked subject-matter jurisdiction because the statute of limitations had expired. Not so. Under Texas law, the general rule is that "limitations is an affirmative defense, not a jurisdictional requirement." *Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*, 98 F.4th 161, 169 n.40 (5th Cir. 2024) (cleaned up) (applying Texas law). Riverstone cites no apposite authority holding otherwise.[3]

---

[1] *Haber Oil Co. v. Swinehart* (*In re Haber Oil Co.*), 12 F.3d 426, 436 (5th Cir. 1994); *see Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 736 (Tex. App.—San Antonio 2007, pet. denied).

[2] *Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019) ("[E]ven the closing of a bankruptcy case does not divest federal courts of [§] 1334(b) jurisdiction over cases that, when filed, were related to the bankruptcy . . . .").

[3] Riverstone points to *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 636–37 (5th Cir. 2003). The government had waived sovereign immunity by statute, but only if claims were filed within two years. Because "the statute of limitations defense [was] based on the federal government's sovereign immunity," the defense was "not merely a waivable defense" but "operated to deprive federal courts of jurisdiction." *Id.* at 637 (cleaned up).

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

The bankruptcy court had subject-matter jurisdiction.

III.

We next address Chaudhary's, his law firm's, and Riverstone's appeals.

"It is more than well-settled that only an aggrieved party may appeal a judgment." *Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburg*, 876 F.3d 119, 126 (5th Cir. 2017) (cleaned up). A party is generally not "aggrieved" when it wins a favorable judgment, even if the trial court made "subsidiary finding[s] or conclusion[s]" that were unfavorable to the party. *Id.* That's because "appellate courts review judgments, not opinions." *United States v. Fletcher ex rel. Fletcher*, 805 F.3d 596, 602 (5th Cir. 2015).[4] A winning party "may not appeal for the sole purpose of seeking a more favorable opinion from the [trial] court." *Id.* at 604.

Chaudhary, his law firm, and Riverstone all lack standing to appeal. Riverstone won a take-nothing judgment—a "full victory" for a defendant—after the bankruptcy court concluded that the statute of limitations had expired on any claims that Ali had asserted. *See Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 539 (5th Cir. 2022). Similarly, the bankruptcy court dismissed Ali's claims against Chaudhary and his firm, which was exactly what they had wanted, and the district court entered final judgment in their favor. *Cooper Indus.*, 876 F.3d at 126 (holding that defendant who won dismissal was not "aggrieved").

The three defendants fall into none of the "handful of situations" in

_____

Riverstone, by contrast, has no sovereign immunity.

[4] *Cf. Texas v. Hopwood*, 518 U.S. 1033, 1033 (1996) (Ginsburg, J., respecting the denial of certiorari) ("This Court . . . reviews judgments, not opinions." (cleaned up)).

which a litigant may be "aggrieved by a favorable judgment." *Fletcher*, 805 F.3d at 602 (cleaned up). For instance, the winner may appeal if "the *judgment itself* contains prejudicial language on issues immaterial to the disposition of the case." *See id.* (cleaned up) (emphasis added). But the defendants ask this court to modify the bankruptcy court's opinion, not the judgment. Or a winning party may appeal "where collateral estoppel may harm [it] in future proceedings." *See id.* (cleaned up). That doesn't apply here, either, because the bankruptcy court's findings were unnecessary to the judgment, as they all assert.[5] Nor have the defendants shown that they "will suffer financial loss as a result of the judgment." *See id.* (cleaned up).

Unhappy with the bankruptcy court's opinion, the three defendants accuse the bankruptcy court of issuing an advisory opinion. They want this court to "strike that portion of the bankruptcy court's opinion that is advisory" or to direct the bankruptcy court to "withdraw" its "advisory opinion." But they have "failed to provide any authority showing that it is this court's role to nitpick a [bankruptcy] court's order sentence-by-sentence." *Flight Options, L.L.C. v. Int'l Bhd. of Teamsters, Local 1108*, 873 F.3d 540, 546 (6th Cir. 2017).

We dismiss Chaudhary's, his law firm's, and Riverstone's appeals.[6]

## IV.

We turn to Ali's appeal.[7] He contends that the bankruptcy court

---

[5] *See Bradberry v. Jefferson County*, 732 F.3d 540, 548 (5th Cir. 2013) (explaining that collateral estoppel applies only where a decided issue was necessary to the judgment).

[6] We decline "to look past [Riverstone's] procedural misstep and treat [its] [appeal] . . . as an alternative ground for affirming its win." *See Domain Prot.*, 23 F.4th at 540. As we see from Riverstone's brief, Riverstone has no interest in affirmance but, instead, appeals only to change the bankruptcy court's memorandum opinion.

[7] On the eve of oral argument, Chaudhary and the firm moved to dismiss Ali's

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

incorrectly refused to toll limitations on his claims against Riverstone. "Questions of . . . whether the statute of limitations has run or whether equitable tolling applies are reviewed *de novo*."[8]

The parties agree that the limitations period was a maximum of four years for Ali's claims against Riverstone.[9] The bankruptcy court concluded that those four years expired on October 25, 2021, before Riverstone filed for bankruptcy and before Ali sued Riverstone in bankruptcy court.

Ali avers that the bankruptcy court erred when it refused to invoke equitable tolling. Alternatively, he says, limitations did not begin running in 2017 because Chaudhary fraudulently concealed Ali's cause of action.

We first consider equitable tolling. We look to state law for any provisions that may toll limitations for a state-law claim. *See Cruz v. Carpenter*, 893 F.2d 84, 86 (5th Cir. 1990). Under Texas law, equitable tolling may

---

appeal as "moot," asserting that Ali had abandoned his appeal by naming the wrong appellees. Ali's brief names only Chaudhary and the firm as appellees, even though the bankruptcy court granted judgment only for Riverstone.

We disagree that Ali has abandoned his appeal against Riverstone. Appealing the bankruptcy court's judgment, which addressed claims against only Riverstone, Ali could only have intended that Riverstone was the appellee. Riverstone also had notice of the appeal; it shares the same attorney with the firm and Chaudhary, who is Riverstone's owner.

Because we conclude that Ali hasn't abandoned his appeal against Riverstone, we need not decide whether abandonment would render the appeal "moot." Chaudhary's and the law firm's motion to dismiss is denied.

[8] *United States v. Corp. Mgmt., Inc.*, 78 F.4th 727, 742 (5th Cir. 2023) (quoting *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008)) (cleaned up).

[9] *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 409–10 (5th Cir. 2004) (holding that an action seeking a constructive-trust remedy takes its statute of limitations from the underlying cause of action); Tex. Civ. Prac. & Remedies Code § 16.004(a)(5) (four-year statute of limitations for breach of fiduciary duty).

9

No. 23-20362
c/w Nos. 23-20464, 23-20498, 23-20507

extend the limitations period in at least two circumstances.[10]

The first circumstance doesn't apply here, as the bankruptcy court concluded. A court may equitably toll the limitations period "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period."[11] But procedural defects trigger equitable tolling only "in carefully circumscribed contexts" and "narrow circumstances."[12] One such defect is "misnomer—where the petition merely misnames the correct defendant."[13] Ali doesn't point to a similar mistake here; indeed, he maintains that he sued the *wrong* defendant.

The bankruptcy court did not consider the second option. A court may also equitably toll limitations "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadlines to pass." *Czerwinski*, 116 S.W.3d at 123 (quoting *Rowe*, 967 F.2d at 192); *Smith*, 932 F.3d at 312 (explaining Texas law). Chaudhary took Ali's $810,000, and Ali timely sued Chaudhary and his firm in state court to recover it. But according to Ali, Chaudhary secretly transferred the money to Riverstone, which Chaudhary owned. Because of that trickery, Ali says that he didn't know that he had to sue Riverstone, instead of Chaudhary or the firm, to get

---

[10] *Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Hous. Sch. of Nursing*, 116 S.W.3d 119, 122–23 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Bilinsco Inc. v. Harris Cnty. Appraisal Distr.*, 321 S.W.3d 648, 654 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 312 (5th Cir. 2019).

[11] *Czerwinski*, 116 S.W.3d at 122–23 (quoting *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992)); *accord Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.).

[12] Levinson Alcoser Assocs., L.P. v. El Pistolón II, Ltd., 670 S.W.3d 622, 632 (Tex. 2023).

[13] *Id.* at 628.

his property back.[14]   By the time that Riverstone declared bankruptcy, limitations had expired, leaving Ali with no recourse against Riverstone.

The bankruptcy court erred by failing to consider this option.  We do not know all the facts, and we do not decide whether Ali would be entitled to equitable tolling under those facts.  We remand so that the bankruptcy court can consider that theory.

We need not consider Ali's other arguments.

\* \* \* \* \*

Chaudhary's, his law firm's, and Riverstone's appeals are DISMISSED.  Chaudhary's and his firm's motion to dismiss Ali's appeal as moot is DENIED.

The judgment of the district court, affirming the bankruptcy court's judgment in favor of Riverstone, is REVERSED, and the case is REMANDED to the district court with instruction to remand to the bankruptcy court for further proceedings consistent with this opinion.  We place no limitation on the matters that the bankruptcy or district court may consider or on what decisions they should reach.

---

[14] In both its response brief and its improper appeal, Riverstone failed to challenge the merits of Ali's claim against it.  It has accordingly forfeited any such challenge.  *See Cooper Indus.*, 876 F.3d at 127.